The opinion of the Court was delivered by
Johnson, J.
From the view taken of this ease, a minute investigation of the various grounds taken on the motion for a nonsuit, and for a new trial, is superceded. The object of granting new trials is, that justice may be done between the parties, and when the Court clearly sees that a case has not been fairly tried upon the merits, and that without fault of the party, justice and reason require that a new trial should be granted.[1] Now the discovery made for the first time on the argument of this case, (that Rosanna is called the daughter, in the deed to Alexander Rose, and not the wife of Henry Brown,) raises the strongest presumption, that there was some mistake in the parol evidence adduced on the trial below. A,nd it is extraordinary, (but most certainly true,) that this fact had escaped the observation of the Court, and the council, on both sides, on two trials in the Circuit Court, and a previous argument in this Court; for, until now, she has been uniformly regarded as the wife, and not the daughter, of' Henry Brown, which in my mind, is a fact of the first importance in the case ; if she is the wife, I am clearly of opinion that her deed was not only voidable, but absolutely void[2] and that nothing but the life estate of Henry Brown passed by the deed to Alexander Rose, andthe Court below ought to have ordered a nonsuit; but if, on the contrary, she was the daughter and infant[3] it is a question of so much difficulty whether the deed was void, or only voidable, that notwithstanding the very able arguments that have been directed to this point, I feel unprepared to decide it, and shall, therefore, pass it over for the present.
There is another ground also, on which I am strongly inclined to think the defendant is entitled to a new *trial, although it was not directly made in the Court below : there are strong reasons to believe, (if the facts detailed in evidence be true,) that a title by possession, had accrued to Wade Hampton, before the death of Alexander Rose. It will be recollected that Arthur went into possession as his tenant, shortly after *22 his purchase from Stark, in. 1794, and that he was succeeded by the defendant, who continued the possession up to the death of Rose, in 1802, or 1803, making together a term of eight or nine years. The counsel for the defendant say that they were driven from this ground in the Court below, by a mistaken view of a decision of this Court, which is said to have determined that two or more distinct possessions shall not be coupled together to make out the time required by the statute;[1] but that principle, if established, cannot (in my opinion) affect this case, as there was a continued possession in Wade Hampton, by Arthur and the defendant, (if indeed they were his tenants).[2] It was not, therefore, their several possessions, but his entire possession.
Stark, Solicitor, for the motion. Egan, contra.
Without expressing any opinion, whether the possession in this case is sufficient to authorize the presumption of a deed from Alexander Rose to John Hampton, (another question made in this case,) I will only observe, that the inclination of my mind is against it; the fact of his having obtained a grant rebuts the presumption, as it is improbable he would have resorted to this title, when in the possession of a better one from Roso, if he had any.
I am, however, of opinion, that the motion for a new trial ought to prevail.
Colcook, Nott and Chbves, JJ., concurred.
Gantt, dissented.

 Post, 80, 2 Bail. 24.

 1 Bail. 184.

 Post, 200, note, 4 McC. 221 ; 6 Rich. 27 ; 2 Hill, ch., 540.

 2 Brev. 151; Rice 10.

 7 Rich. 512.